*By the Court,

Nelson, J.
The proceedings and judgment before the officer, under the landlord and tenant act, I am of opinion, were not conclusive upon the plaintiff. By the terms of the lease, the defendant had a right to put an end to it at the expiration of the first year, as it was optional with him to let the same or not for any longer time. The institution of the proceedings to turn out the tenant, as well as the notice to quit under the statute, was sufficient evidence of an intention not to lease, and to authorize the proceedings. There could be no valid defence to them by the tenant, as the intent to lease the farm for a longer time was not a traversable fact, nor one upon which the question could be decided.
The only question in the case is, whether the provision in the lease, namely, “ that the party of the second part is to have the said farm from year to year *26 as long as the said farm is to be let by the party of the first part,” has any legal or binding operation upon the lessor, the defendant. It undoubtedly may have enhanced the amount of the rent for the first year, and have operated as an inducement to take the lease, and thereby entered into the consideration of the covenant of the lessee, and should have been faithfully observed by the defendant. This is the plain sense and justice of the case.
The replication avers that the farm was to be let before, at the time, and after the proceedings instituted against the plaintiff, and that the defendant would not permit the plaintiff to occupy and possess it, thereby sustaining the breach as alleged in the declaration. If this issue could be sustained by the plaintiff, I perceive no reason against his recovery. It establishes a breach of a stipulation of the defendant, the meaning of which is clear, capable of being performed, and which has damnified the plaintiff. The lease was for one year and something more ; it was to continue from year to year, at the same rent, as long as the farm was to be let. The defendant had a right to terminate it at the end of the year, if it was no longer to be leased ; but it was a violation of the spirit and letter of the covenant to terminate it and lease the land to another. He had covenanted not to do so, for such is the legal effect of the lease. He had no right to put an end to it absolutely, because, so far as leasing the Tama to another was concerned, it was qualified and restrained. The radical error in the plea, is in assuming that because the defendant has the right t.o terminate the lease for certain purposes, he has a right to do so for any and all purposes, though he has covenanted expressly to the contrary.
If the plaintiff can shew on the trial that he was removed from the occupation of the premises for the purpose of leasing them to another person, he is entitled to recover. The proof necessary to establish the fact need not now he noticed. Putting an end to the lease under pretence that the farm was no longer to be let, and immediately afterward's leasing it to a third person, was a fraud upon the covenant, and a violation of its sense and meaning ; and though it might enable the defendant to remove the plaintiff, it should not protect him from answering in damages for a breach of the covenant.
Judgment for plaintiff on demurrer.